UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL POLICE ASSOCIATION, INC.,<br>8710 Bash Street, #501692<br>Indianapolis, IN 46250<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br>2707 Martin Luther King Jr Avenue, SE<br>Washington, DC 20528<br><br>CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Ave. NW<br>Washington, DC 20229<br><br>*Defendants.* | Civil Action No. 22-1724 |

**COMPLAINT**

1. Plaintiff National Police Association ("NPA" or "Plaintiff") brings this Freedom of Information Act judicial review against Defendant United States Department of Homeland Security ("DHS") and Defendant Customs and Border Protection ("CBP") (collectively "Defendants") to compel Defendants to produce responsive records relating to an alleged "whipping" of migrants by Border Protection agents on September 19, 2021. Defendants have violated the Freedom of Information Act by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, and by failing to produce the responsive, non-exempt records.

## PARTIES

2. Plaintiff NPA is a nonprofit organization registered in Indiana with a principal place of business in Indiana. NPA made a FOIA request on February 22, 2022 to DHS.

3. Defendant DHS is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552. Defendant CBP is a federal agency subject to the Freedom of Information Act, *Id.*

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question which confers jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. The venue is proper under 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFF'S FEBRUARY 22, 2022 FOIA REQUEST

6. On February 22, 2022, Plaintiff made a request to the U.S. Department of Homeland Security (DHS) for the following:

> 1) all records depicting or describing the findings of the "investigative work" done by U.S. Customs and Border Protection's Office of Professional Responsibility on the September 19, 2021 incident. For purposes of this numbered request and for all that follow the term "the September 19, 2021 incident" means "Allegations made against or about United States Customs and Border Protection (CBP) agents "whipping" or otherwise engaging migrants attempting to cross into the United States in or near the Rio Grande River near Del Rio, Texas during the migrants' encounter with CBP agents on September 19, 2021. Photographs of this encounter were taken by El Paso freelance journalist Paul Ratje."
>
> 2) all records depicting or describing the conclusions of the "investigative work" done by U.S. Customs and Border Protection's (CPB) Office of Professional Responsibility on "the September 19, 2021 incident" as described above.
>
> 3) all records depicting or describing the analysis of the "investigative work" done by U.S. Customs and Border Protection's Office of Professional Responsibility on "the September 19, 2021 incident" as described above.

    4) all records of communications between the Office of the Secretary of the Department of Homeland Security and the White House referring to "the September 19, 2021 incident" as described above.

    5) all records of communications between the Office of the Secretary of the Department of Homeland Security and the media referring to "the September 19, 2021 incident" as described above.

    6) all records, including emails, texts and other communications from the White House staff to the Secretary of Homeland Security Alejandro Mayorkas or his staff mentioning or referring to "the September 19, 2021 incident" as described above.

    7) all records, including emails, texts and other communications from the Secretary of Homeland Security Alejandro Mayorkas or his staff to the White House mentioning or referring to "the September 19, 2021 incident" as described above.

    8) all records, including emails, texts and other communications from the Secretary of Homeland Security Alejandro Mayorkas or his staff to the Office of the Inspector General mentioning or referring to "the September 19, 2021 incident" as described above.

Ex. 1.

7. The request seeks records from September 18, 2021, to the present. *Id.*

8. DHS acknowledged receipt of the request on February 28, 2022 and assigned reference number 2022-HQFO-00720. Ex. 2. DHS's acknowledgement transferred the parts of the request regarding "investigative work" to CBP. *Id.*

9. CBP acknowledged receipt of the transfer on March 28, 2022. Ex. 3. It assigned tracking number CBP-2022-058909. *Id.*

10. CBP subsequently changed the tracking number to CBP-OC-2022-058909. Ex. 4.

11. Plaintiff sought an update on CBP's online portal which listed the "estimated completion date" for the FOIA request as April 25, 2022. Ex. 5.

12. On June 1, 2022, Plaintiff, after noting that the Estimated Completion Date (ECD) *supra* was obviously incorrect, sent CBP an ECD request. Ex. 6.

13. This ECD request was received by CBP on June 6, 2022. Ex. 7.

14. Plaintiff also sent DHS an ECD request via email on May 23, 2022. Ex. 8.

15. At the timing of filing, Defendants have not responded to Plaintiff's ECD requests.

16. As of the date of this filing, Defendants have not complied with FOIA, have not responded to ECD requests, have not issued a determination, and have produced no records responsive to Plaintiff's request.

## COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD

17. The above paragraphs are incorporated by reference.

18. The request seeks the disclosure of agency records and was properly made.

19. Defendants are federal agencies subject to FOIA.

20. Included within the scope of the request are one or more records or portions thereof that are not exempt under FOIA.

21. Defendants have failed to issue a determination within the statutory deadline.

## COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH

22. The above paragraphs are incorporated by reference.

23. The request seeks the disclosure of agency records and was properly made.

24. Defendants are federal agencies subject to FOIA.

25.  Defendants have failed to conduct a reasonable search for records responsive to the request.

## COUNT III – DEFENDANT'S FAILURE TO PRODUCE RECORDS

26. The above paragraphs are incorporated by reference.

27. The request seeks the disclosure of agency records and was properly made.

28. Defendants are federal agencies subject to FOIA.

29. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

30. Defendants have failed to produce records responsive to the request.

## COUNT IV – DEFENDANT'S FAILURE TO PROVIDE ESTIMATED COMPLETION DATES

31. The above paragraphs are incorporated by reference.

32. The request seeks the disclosure of agency records and was properly made.

33. Defendants are federal agencies subject to FOIA.

34. Defendants have failed to provide an ECD upon request.

**WHEREFORE**, NPA asks the Court to:

   i. declare that Defendants violated FOIA;

   ii. order Defendants to conduct a reasonable search for records;

   iii. order Defendants to issue determinations;

   iv. order Defendants to promptly produce all non-exempt responsive records or portions of records;

   v. enjoin Defendants from withholding non-exempt public records under FOIA;

   vi. order Defendants to provide Estimated Completion Dates;

   vii. award NPA attorneys' fees and costs; and,

viii. award such other relief the Court considers appropriate.

Dated: June 15, 2022

                                             RESPECTFULLY SUBMITTED,

                                             /s/ C. Peter Sorenson
                                             Attorney for Plaintiff
                                             C. Peter Sorenson, DC Bar #438089
                                             Sorenson Law Office
                                             PO Box 10836
                                             Eugene, OR 97440
                                             (541) 606-9173
                                             peter@sorensonfoialaw.com