**Exhibit 1**



February 22, 2022

Freedom of Information Officer
Privacy Office
U.S. Department of Homeland Security
245 Murray Lane SW STOP-0655
Washington, DC 20528-0655

SENT VIA U.S. MAIL FIRST CLASS, CERTIFIED AND RETURN RECEIPT REQUESTED

Dear FOIA Officer,

I, C. Peter Sorenson, of Sorenson Law Office, am writing on behalf of the National Police Association (hereafter, "NPA"). The NPA's address is: 8710 Bash Street #501692, Indianapolis, IN 46250. Its email address is: info@nationalpolice.org

A. REQUEST

The NPA requests from the Department of Homeland Security (DHS) and its component agencies including the Office of the Secretary, Office of the Inspector General (OIG) and the United States Customs and Border Protection (CBP) pursuant to the Freedom of Information Act (hereafter FOIA):

1) all records depicting or describing the findings of the "investigative work" done by U.S. Customs and Border Protection's Office of Professional Responsibility on the September 19, 2021 incident. For purposes of this numbered request and for all that follow the term "the September 19, 2021 incident" means "Allegations made against or about United States Customs and Border Protection (CBP) agents "whipping" or otherwise engaging migrants attempting to cross into the United States in or near the Rio Grande River near Del Rio, Texas during the migrants' encounter with CBP agents on September 19, 2021. Photographs of this encounter were taken by El Paso freelance journalist Paul Ratje."

1

2) all records depicting or describing the conclusions of the "investigative work" done by U.S. Customs and Border Protection's (CPB) Office of Professional Responsibility on "the September 19, 2021 incident" as described above.

3) all records depicting or describing the analysis of the "investigative work" done by U.S. Customs and Border Protection's Office of Professional Responsibility on "the September 19, 2021 incident" as described above.

4) all records of communications between the Office of the Secretary of the Department of Homeland Security and the White House referring to "the September 19, 2021 incident" as described above.

5) all records of communications between the Office of the Secretary of the Department of Homeland Security and the media referring to "the September 19, 2021 incident" as described above.

6) all records, including emails, texts and other communications from the White House staff to the Secretary of Homeland Security Alejandro Mayorkas or his staff mentioning or referring to "the September 19, 2021 incident" as described above.

7) all records, including emails, texts and other communications from the Secretary of Homeland Security Alejandro Mayorkas or his staff to the White House mentioning or referring to "the September 19, 2021 incident" as described above.

8) all records, including emails, texts and other communications from the Secretary of Homeland Security Alejandro Mayorkas or his staff to the Office of the Inspector General mentioning or referring to "the September 19, 2021 incident" as described above.

B. TIME FRAME OF THIS REQUEST

The time frame for this request includes records created or received on or after September 18, 2021 to the present.

C. INFORMATION HELPFUL TO THE DEPARTMENT IN FULFILLING THIS REQUEST

A photograph of the incident is included with this request.

United States Customs and Border Protection (CBP) agents on horseback attempted to stop migrants from entering an encampment on the banks of the Rio Grande near the Acuna Del Rio International Bridge in Del Rio, Texas on September 19, 2021. Allegations were made that

photographs depicted the agents engaged in 'whipping' the migrants. Substantial communications, as reported in the media, occurred between the White House and the Department of Homeland Security and the CBP. An investigation followed.

D. HOW RESPONSIVE RECORDS SHOULD BE PROVIDED

The NPA requests copies of the responsive records for this FOIA request be provided in a digital format, either via email, or stored on a thumb drive, CD or other electronic data storage device. See 5 U.S.C. §552 (a)(3) B). Providing these records in an electronic format will save agency staff processing time, as well as reducing the cost of making paper copies of all responsive records.

E. RECORDS FOR PUBLIC AWARENESS CAMPAIGN; PROCESSING FEES

The NPA is a non-profit organization requesting the records to help it to conduct a public awareness campaign regarding the potential waste of taxpayer money that may be funding the unnecessary investigation of law enforcement officers. NPA is a not-for-profit organization and is requesting a fee waiver, as this request is in the public interest. NPA has received fee waivers in the past and is eligible for a fee waiver for this request. NPA has the ability to properly process, summarize and analyze the records it hopes to receive here. NPA has a website and a substantial public information effort which can and will put the records it receives into context and provide valuable information to the public, the media and policy makers.

NPA is pre-authorizing payments up to $30 for the processing of this request but only if the Department of Homeland Security and the U.S. Customs and Border Protection (CBP) complies with all statutory deadlines in FOIA.

Congress amended FOIA in 2007. An effect of the 2007 Amendments was to impose consequences on agencies that fail to comport with FOIA's requirements. *See* S.Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that "[a]n agency shall not assess search fees ... if the agency fails to comply with *any time limit*" of FOIA. § 552(a)(4)(A)(viii) (emphasis added). Bensman v National Park Service, 806 F.Supp.2d 31 (DCD 2011).

F. POLICY AND LEGAL DIRECTION FOR OPEN GOVERNMENT

Disclosure of the above referenced agency records are also sought in order to promote government transparency, and to reflect the Administration's policy to support our nation's fundamental commitment to open government. As the Supreme Court has observed, "virtually

3

every document generated by an agency is available in one form or another, unless it falls within one of the Act's nine exemptions." NLRB v. Sears, Roebuck &amp; Co., 421 U.S. 132, 136 (1975). FOIA was designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," see, e.g., Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976), and in order "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire &amp; Rubber Co., 437 U.S. 214, 242 (1978); see also Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1310 (D.C. Cir. 2003); United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).

The above described agency records are subject to disclosure under FOIA, and are not otherwise exempt from disclosure pursuant to FOIA's nine statutory exemptions. See 5 U.S.C. § 552(b)(1) - (9). To the extent that a determination is made by your FOIA office staff that any limited portions of the records listed above will be withheld from disclosure for this request, FOIA expressly requires all agencies to disclose "[a]ny reasonably segregable portion of a record . . .after deletion of the portions of the record which are exempt." 5 U.S.C. §552(b). See, e.g., Oglesby v. U.S. Dept. of Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996); see also Abdelfattah v. U.S. Dept. Of Homeland Security, 488 F.3d 178, 186-187 (3rd Cir).

The 2007 Openness Promotes Effectiveness in our National Government Act amendments to FOIA (the "OPEN Government Act") requires identification of the amount of any material withheld, the location of any withholdings, a direct reference to the specific statutory exemption supporting each withholdings asserted, and if technically possible, also require that this information shall "be indicated at the place in the record where such deletion is made." See 5 U.S.C. § 552(b). Therefore, I would appreciate your assistance in expressly identifying any exempt responsive records (or portions thereof) and the applicable FOIA exemptions for any responsive materials withheld for this FOIA request.

Please inform my office in writing if there are any "unusual circumstances" that will cause delay in responding to this FOIA request, or providing the records which are requested, and in addition, please provide the approximate date that you anticipate a final response will be provided.

G. AUTHORIZATION

Attached to this request is a Declaration of Mr. Ed Hutchison, the acting representative for NPA for this FOIA request, which authorizes C. Peter Sorenson and the Sorenson Law Office to make this request and to receive records on behalf of NPA. Additionally, Mr. Hutchinson's Declaration expressly waives all privacy rights – as they may apply to C. Peter Sorenson and the Sorenson Law Office – relating to this FOIA request and any records that the NIH has in response to this

request. Furthermore, the Declaration establishes that Mr. Hutchinson is willing and able to sign any forms the agency may require to formalize the waiver of privacy rights to C. Peter Sorenson and the Sorenson Law Office.

VIII. ESTIMATED DATE OF COMPLETION REQUESTED

The Sorenson Law Office specifically requests the agency to provide an estimated date of completion for this request.

H. CONTACT

Please provide a receipt for this request and provide a tracking number so that we may inquire about the status of this request.

If you have any questions regarding this FOIA request or need help locating documents, or if I can be of any other assistance, please feel free to contact me at (541) 606-9173, or via email to: petesorenson@gmail.com. If you send me any email, please send a copy of that email to Mr. Hutchison at info@nationalpolice.org.

Thank you in advance for your assistance.

Best,


C. Peter Sorenson
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440

Attachment: Declaration of Mr. Ed Hutchison; Photo Referred to Above

## DECLARATION OF ED HUTCHISON

STATE OF INDIANA

COUNTY OF MARION

I, Ed Hutchison, being duly sworn upon oath do say:

1. I am the President of the National Police Association (NPA) based in Indianapolis, Indiana. The NPA's address is 8710 Bash Street #501692, Indianapolis, IN 46250. The NPA's email address is info@nationalpolice.org

2. The NPA is a 501(C)3 non-profit organization. I request records on its behalf to conduct a public awareness campaign regarding the allegations made against or about United States Border Patrol (CPB) agents "whipping" or otherwise engaging migrants attempting to cross into the United States in or near the Rio Grande River near Del Rio, Texas during the migrants' encounter with CBP agents on September 19, 2021.

3. As the President of the NPA, and on its behalf, I seek the requested records from the Department of Homeland Security (DHS).

4. The NPA, under my authority, gives C. Peter Sorenson, and the Sorenson Law Office the full authority to request and receive all records related to this FOIA request to DHS. Furthermore, I, as a representative of the NPA for this FOIA action, am willing and able to sign and forms the agency may require to formalize this grant of authority to C. Peter Sorenson, and the Sorenson Law Office to request and receive records on the NPA's behalf

Signed the 17th day of February 2022

_____
Signature of Ed Hutchison

I, DABRION BRAXTON Notary Public for the State of Indiana witnessed Ed Hutchison sign the above statement on this 17 TH day of FEBRUARY, 2022.

Notary Public for Indiana

Notary Public
State of Indiana
Dabrion Braxton
Commission Number NP727266
My Commission Expires
06/16/2028

